PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RA'VAUGHN L. CUMMINGS, | ) |
|     Plaintiff, | ) CASE NO. 4:20CV909 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| OHIO DEPARTMENT OF | ) |
| REHABILITATION AND CORRECTIONS, | ) **MEMORANDUM OPINION AND** |
| *et al.*, | ) **ORDER** [Resolving ECF No. 1] |
| | ) |
|     Defendants. | ) |

Plaintiff Ra'Vaughn L. Cummings is a state prisoner presently incarcerated at the Ohio State Penitentiary. ECF No. 1. He brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants Ohio Department of Rehabilitation and Corrections ("ODRC"), Mike Wylie ("Wylie"), and Warden Richard Bowen, Jr. ("Bowen") (collectively ("Defendants")) were negligent and violated his constitutional rights when they transported him in a van without seat restraints and he was injured when the van was struck from behind by Defendant Wylie, and failed to provide him with adequate medical care.

For the reasons that follow, this action is dismissed.

## I. Background

In his brief Complaint, Plaintiff states that on October 21, 2019 he was being transported to court in Mahoning County when the vehicle he was riding in was struck from behind by the chase behind van driven by Defendant Wylie, whom he characterizes as an investigator. *Id.* at PageID #: 3-5. At the time he was being transported, Plaintiff was restrained by handcuffs, belly band, and leg irons. *Id.* at PageID #: 4. Plaintiff was not restrained in the vehicle by a seat belt,

(4:20CV909)

and the impact of Wylie's van caused Plaintiff to come out of his seat and injure his back. Plaintiff was treated for his injuries, receiving an X-ray and ibuprofen, but that treatment has not relieved his persistent pain. *Id.* at PageID #: 4-5.

Plaintiff claims that Defendants negligently failed to provide him with safety restraints, failed to provide him with adequate medical care, and violated his constitutional rights. *Id.* at PageID #: 3, 5, 7; ECF No. 1-1 at PageID #: 13. For relief, he seeks $25,000.00. ECF No. 1 at PageID #: 5.

## II. Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Notwithstanding, the district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). While some latitude must be extended to *pro se* plaintiffs with respect to their pleadings, the Court is not required to conjure unpleaded facts or construct claims on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted).

## III. Law and Analysis

### A. 42 U.S.C. § 1983

2

(4:20CV909)

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) a violation of a right secured by the Constitution or laws of the United States, and that (2) the alleged violation was committed by a person acting under color of state law. *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001) (citation omitted). To hold an individual defendant liable under § 1983, a plaintiff must allege "personal involvement" in the alleged unconstitutional conduct. *See Grinter,* 532 F.3d at 575 (personal involvement is required in order to incur personal liability). It is a basic pleading requirement that a plaintiff must attribute specific factual allegations to particular defendants. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (holding that in order to state a claim, the plaintiff must make sufficient allegations to give a defendant fair notice of the claim). When a person is named as a defendant without an allegation of specific conduct, even under the liberal construction afforded to *pro se* complaints, the complaint against that defendant is subject to dismissal. *See Gilmore v. Corr. Corp. of Am.*, 92 Fed. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff alleged only that the defendant violated his constitutional rights). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Id.* (citing *Flagg Bros. v. Brooks,* 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)). Conclusory allegations of unconstitutional conduct are insufficient to state a § 1983 claim a complaint must contain either direct or inferential factual allegations against individual defendants respecting the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436-37 (6th Cir. 1988).

3

(4:20CV909)

### B. Analysis

#### 1. The ODRC is dismissed

The ODRC is an agency of the State of Ohio and the Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies. See *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). Defendant ODRC is dismissed from this action pursuant to § 1915(e)(2).

#### 2. Warden Bowen, Jr. is dismissed

Plaintiff asserts no factual allegations against Defendant Bowen. To state a § 1983 claim against a defendant, a plaintiff must attribute specific conduct to specific defendants. *Twombly*, 550 U.S. at 555. Plaintiff's claim against Bowen appears to be based solely upon his position as Warden. But supervisors cannot be held liable for the actions of their employees and are only liable for their own unconstitutional behavior. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (citing *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1246 (1989)). The doctrine of respondeat superior, or the right to control employees, does not apply in § 1983 actions to impute liability onto employers. *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) ("As we have already explained here and over the years, a defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis."). Defendant Bowen is dismissed from this action pursuant to § 1915(e)(2).

#### 3. Investigator Wylie is dismissed

Plaintiff's only factual allegation against Wylie is that he was driving the chase behind van that struck the vehicle in which Plaintiff was riding. While under certain circumstances,

4

(4:20CV909)

failing to provide for a prisoner's safety may constitute a constitutional violation, no such facts are alleged here. Prison officials are required to take reasonable measures to provide for the safety of inmates. See *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). But not every injury suffered by an inmate translates into constitutional liability for prison officials. *Id.* at 834. To maintain an Eighth Amendment claim based on a failure to prevent harm, Plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm" (the "objective component"), and that the defendants acted with "deliberate indifference" to that risk (the "subjective component"). *Id.* "Deliberate indifference" is a state of mind similar to criminal recklessness and has two components. First, the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and second he must also draw the inference. *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001) (citations omitted). Even with the benefit of liberal construction, Plaintiff makes no factual allegations from which this Court can reasonably infer that either component of a deliberate indifference claim is satisfied with respect to Wylie's actions driving the van that struck the vehicle in which Plaintiff was a passenger. Accordingly, Plaintiff fails to allege a constitutional violation against Wylie, and his § 1983 claim against Wylie is dismissed pursuant to § 1915(e)(2).

**4. State law claims are dismissed without prejudice**

Plaintiff repeatedly alleges that Defendants were negligent and breached their duty of care to him, their breach of duty caused his injuries, and his injuries were foreseeable. *See* ECF No. 1 at PageID #: 3-5. In addition, Plaintiff alleges that he was not properly treated by "medical" for

5

(4:20CV909)

his injuries, receiving only an X-ray and Ibuprofen.[1] *Id.* at PageID #: 5. To the extent the Complaint alleges state law claims, the Court's supplemental jurisdiction over those claims is governed by 28 U.S.C. § 1367(c).

That statute contains an express provision that permits the Court to decline supplemental jurisdiction over a state law claim when the Court has dismissed all of the claims over which the Court has original jurisdiction. 28 U.S.C. § 1367(c)(3). Even liberally construed, the Court has determined that any federal claims that Plaintiff may be asserting are subject to summary dismissal under § 1915(e)(2). There appears to be no basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Accordingly, the Court declines to exercise supplemental jurisdiction over any state law claims that Plaintiff may be asserting and those claims are dismissed without prejudice. *See Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997) (noting that a district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction).

---

[1] To the extent that Plaintiff is attempting to assert an Eighth Amendment claim for deliberate indifference to a serious medical need, he fails to do so even assuming the truth of his factual allegations. First, Plaintiff does not assert his claims regarding the medical care he received for his injuries against any particular defendant, and defendant Bowen cannot be liable on the basis of respondeat superior for the reasons discussed above. Moreover, Plaintiff alleges that he received some medical care but challenges the adequacy of that care. Allegations concerning adequacy of medical care may support a state law claim for medical negligence, but are insufficient to support a constitutional claim of deliberate indifference. *See Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

(4:20CV909)

## IV. Conclusion

For all of the foregoing reasons, Plaintiff's federal claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's state law claims are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 July 31, 2020                                                                   /s/ Benita Y. Pearson
Date                                                                                  Benita Y. Pearson
                                                                                     United States District Judge